Michelle R. Matheson  #019568
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
mmatheson@mathesonlegal.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dianna Phillips,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GFK Custom Research, L.L.C., a foreign limited liability company,<br><br>　　　　Defendant. | Case No.: _____<br><br>**COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff, in support of this Complaint against Defendant, alleges as follows:

1.　　Plaintiff is currently and at all times relevant to this action a resident of Pima County, Arizona.  During the three year period filing the filing of this Complaint (the "Claim Period") Plaintiff performed services for Defendant as a scheduler.  In this position Plaintiff worked from home scheduling individuals recruited by her to conduct mystery shops at a number of retail businesses contracted with Defendant.  Although Defendant characterized Plaintiff's services as that of an "independent contractor,"

Plaintiff was in fact Defendant's "employee" as that term is defined by the FLSA and Arizona wage law when working as a scheduler, and Defendant was her "employer" under the FLSA and Arizona wage law.

2. Defendant is a Delaware LLC registered to and doing business in Maricopa County, Arizona. At all times during the Claim Period Defendant was a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

3. This Court has jurisdiction and venue over the subject matter and the parties hereto pursuant to 28 U.S.C. §§1331, 1367 and 1391(b).

4. On multiple times during her employment for Defendant, Plaintiff worked in excess of 40 hours per week.

5. Plaintiff was paid a set amount for each mystery shop scheduled, regardless of the number of hours it took to recruit, train, schedule and complete the store's mystery shop. Plaintiff often received less than minimum wage for her services and was never compensated at one and one-half her regular hourly rate for any hours worked in excess of 40 in a workweek.

6. Defendant knew that it was subject to the requirements of the FLSA and Arizona wage law.

7. Defendant knew or should have known that the duties performed by Plaintiff were non-exempt duties under the FLSA.

8. Defendant knew or should have known that the duties performed by Plaintiff were those of an employee, not an independent contractor.

9. Defendant nonetheless classified Plaintiff as an independent contractor in an effort to avoid paying Plaintiff employee benefits and to avoid payment of state and federal wage and taxes applicable to employees.

## COUNT ONE

**(Failure to Properly Pay Overtime Wages in Violation of the FLSA)**

10. Plaintiff incorporates by reference the allegations above.

11. During the Claim Period, Plaintiff was a nonexempt employee under the FLSA.

12. During the Claim Period Defendant failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff often worked in excess of 40 hours per week, but was not paid for those excess hours at the compensation rate required by the FLSA.

13. Defendants' failure to pay overtime compensation to Plaintiff was willful. Defendants did not act in good faith in failing to pay overtime wages due.

14. Plaintiff has suffered economic damages as a result of Defendant's unlawful compensation practice and is entitled to statutory remedies provided pursuant to the FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

## COUNT TWO
**(Failure to Pay Minimum Wages)**

15. Plaintiff incorporates by reference the allegations above.

16. At all times pertinent to this Complaint, Plaintiff was Defendant's employee, not an independent contractor.

17. The compensation paid to Plaintiff for her services as a scheduler was less than Arizona minimum wage required.

18. Plaintiff has suffered economic damages as a result of the unlawful acts of Defendant and is entitled to statutory remedies provided under the Arizona minimum wage law, A.R.S. §23-363 et seq. including but not limited to the balance of the minimum wages owed, including interest thereon at the Arizona statutory rate of 10 percent per year, and an additional amount equal to twice the underpaid wages, plus attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff requests:

A. For the Court to declare and find that the Defendant committed one or more of the following acts:

    i. violated the Arizona minimum wage law;

    ii. violated overtime provisions of the FLSA; and

    iii. willfully violated the overtime provisions of the FLSA;

B. For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and statutory damages pursuant to A.R.S. §23-363 et seq;

C. For the Court to award Plaintiff reasonable attorneys' fees and costs;

D. For the Court to award pre-judgment interest on all compensation due at the

Arizona rate of 10% per annum, accruing from the date such amounts were due, and post-judgment interest; and

  E. For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

Dated this 19th day of January, 2011.

 s/ Michelle R. Matheson
Michelle R. Matheson  #019568
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
Attorney for Plaintiff